IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **CHAR-BROIL, LLC,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. _____ |
| | * | |
| **JOHN DOE, an individual,** | * | **JURY TRIAL DEMANDED** |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S VERIFIED COMPLAINT
## FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, Char-Broil, LLC ("Plaintiff"), and hereby files this Complaint against Defendant, John Doe ("Defendant"), respectfully showing the Court the following:

### PARTIES

1.  Plaintiff Char-Broil ("Char-Broil") is a limited liability corporation organized and existing under the laws of the State of Georgia with its principal place of business in Columbus, Muscogee County, Georgia.

2.  Upon information and belief, Defendant John Doe, is a person whose identity is not presently known.

## JURISDICTION AND VENUE

3.     This is an action for trademark infringement, dilution, and cybersquatting under the Trademark Act of 1946, as amended (the "Lanham Act," 15 U.S.C. § 1051, *et seq.*), tortious interference with contractual and business relationships, breach of confidentiality, and related claims.

4.     This Court has jurisdiction over the Lanham Act claims for relief herein pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b), and over the state law claims for relief pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## CHAR-BROIL'S TRADEMARK

6.     Char-Broil is a limited liability company involved in the production and sales of, among other things, barbecue grills.

7.     "Char-Broil" is a registered trademark owned by Char-Broil.

8.     The registered trademark "Char-Broil" is regularly and repeatedly used by Char-Broil as a word, term, name, and/or symbol in its marketing and sale of barbeque grills.

9.     The name "Char-Broil" is widely recognized throughout the world as being associated with high quality barbeque grills manufactured and/or sold by

Char-Broil and also serves as Plaintiff's corporate name and the designation by which its vendors and customers recognize the authenticity of its communications.

10. The name "Char-Broil" is a distinctive and inherently famous mark.

11. Char-Broil derives substantial revenue from the trademarked name "Char-Broil" throughout the United States and internationally.

## CHAR-BROIL'S RELATIONSHIP WITH MIDEA

12. As part of its business, Char-Broil maintains valued business relationships with a myriad of vendors.

13. Char-Broil maintains a specific business relationship with the Midea Group, a global appliance manufacturer ("Midea").

14. Pursuant to one or more contracts, Midea and Char-Broil collaborate in the manufacture of certain barbeque grills for Char-Broil.

15. Midea is a valued vendor and partner of Char-Broil.

16. As part of its relationship with Midea, Char-Broil regularly and repeatedly uses the trademarked name "Char-Broil."

17. Char-Broil's use of its trademarked name "Char-Broil" is integral to its daily relationship with Midea, and Midea recognizes the Char-Broil designation as a trade name of the organization from which genuine communications related to the relationship originate.

18. Char-Broil derives substantial revenue from its relationship with Midea.

## DEFENDANT'S ILLEGAL CONDUCT

19. On or about January 4, 2024, several employees of Midea received an email from an email address identified as Charbroilteam@gmail.com. A true and correct copy of the email with appropriate redactions of proprietary information is attached hereto as Exhibit "1" (hereinafter the "Offending Email").

20. The Offending Email provided confidential and propriety information and data about Char-Broil including estimates of staff reductions, sales, and profitability. The Offending Email further provided confidential and proprietary information about future plans of Char-Broil and allegations about its relationship with Midea.

21. The Offending Email was not sent by any authorized person at Char-Broil, nor did it originate from any computer associated with Char-Broil.

22. Char-Broil's internal email addresses are created with the first initial and the last name of the employee followed by "Charbroil.com" (i.e. Jdoe@Charbroil.com.).

23. Upon information and belief, the Offending Email was drafted and delivered to employees of Midea by John Doe, an individual whose entity is presently unknown.

24. Upon information and belief, Defendant John Doe set up and operated a "gmail" email address with Google LLC known as Charbroilteam@gmail.com.

25. The email address set up and operated by Defendant John Doe was hosted through Google LLC on its popular Gmail service.

26. Char-Broil did not provide permission to Defendant John Doe to set up the subject email address or send the Offending Email.

27. The Offending Email was sent without the authority of Char-Broil, contains confidential and propriety information and data about Char-Broil, and makes false, derogatory, and disparaging statements about Char-Broil.

28. The Offending Email was sent with the specific intent to harm Char-Broil's relationship with its partner and vendor Midea and to harm Char-Broil's business generally.

## COUNT ONE
## VIOLATION OF LANHAM ACT - DAMAGES

29. Plaintiff Char-Broil adopts and incorporates each and every preceding paragraph as if set forth fully set forth herein.

30. Plaintiff Char-Broil has adopted and used the mark "Char-Broil" to identify its goods and services and to distinguish them from those of others.

31. As a result of the long standing and exclusive use by Char-Broil of the "Char-Broil" mark to promote its goods and services, the mark has become, through widespread and favorable public acceptance and recognition, a famous

mark and an asset of substantial value as a symbol of Char-Broil, its quality goods and services and goodwill in relation to its barbecue grills and accessories.

32. Defendant John Doe's actions in connection with establishing the email address Charbroilteam@gmail.com and sending the Offending Email constitute false designation or false or misleading description and representation of fact which are likely to cause confusion or to cause mistake or to deceive as to an affiliation or association between Defendant John Doe's e-mail address and Plaintiff Char-Broil's mark or as to the origin, sponsorship or approval of Defendant John Doe's activities by Char-Broil.

33. Through his use of the email address containing the trademark "Char-Broil," Defendant John Doe has used a word, term, name, symbol, or device, or any combination thereof, which is likely to cause confusion, mistake or deception as to Char-Broil's trademark.

34. Defendant John Doe's registration and use of the e-mail address that is confusingly similar to Char-Broil's own e-mail addresses which include its famous mark was done in bad faith and was done with the direct intent to harm the goodwill represented by the mark for commercial gain.

35. Defendant John Doe's actions were in violation of 15 U.S.C. § 1125(a).

36. As a direct and proximate result of Defendant John Doe's violation of 15 U.S.C. § 1125(a), Char-Broil has been damaged in an amount to be determined at trial.

## COUNT TWO
## VIOLATION OF LANHAM ACT – INJUNCTIVE RELIEF

37. Plaintiff Char-Broil adopts and incorporates each and every preceding paragraph as if set forth fully set forth herein.

38. Plaintiff Char-Broil has adopted and used the trade name and trademark "Char-Broil" to identify its goods and services and to distinguish them from those of others.

39. As a result of the long standing and exclusive use by Char-Broil of the "Char-Broil" mark to promote its goods and services, the mark has become, through widespread and favorable public acceptance and recognition, a famous mark.

40. Char-Broil's mark is distinctive, both inherently and through acquired distinctiveness.

41. Through his use of the email address containing the trademark "Char-Broil," Defendant John Doe used a mark in commerce that was likely to and in fact did cause dilution by blurring or dilution by tarnishment of Char-Broil's famous mark.

42. Defendant John Doe's registration and use of the e-mail address that is confusingly similar to Char-Broil's own e-mail addresses which include its famous mark was done in bad faith and was done with the direct intent to harm the goodwill represented by the mark for commercial gain.

43. Defendant John Doe's actions were in violation of 15 U.S.C. § 1125(c).

44. As a direct and proximate result of Defendant John Doe's violation of 15 U.S.C. § 1125(c), Char-Broil is entitled to injunctive relief to stop Defendant John Doe's violations of Char-Broil's rights.

## COUNT THREE
## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS

45. Char-Broil adopts each and every preceding paragraph as if set forth fully herein.

46. As set forth herein, Defendant John Doe has communicated and published false, disparaging, and derogatory statements about Char-Broil.

47. Defendant John Doe's publication of those disparaging and derogatory statements was made with the specific intent of harming Char-Broil's relationship with its vendor and partner Midea.

48. The purpose of Defendant John Doe's communications was to interfere with the ongoing and future contractual and business relationships between Char-Broil and Midea.

49. As a direct and proximate result of Defendant John Doe's actions, Char-Broil has been damaged in an amount to be determined at trial.

50. As a direct and proximate result of Defendant John Doe's actions, Char-Broil has further suffered punitive damages in an amount to be determined at trial.

## COUNT FOUR
## BREACH OF CONFIDENTIALITY

51. Char-Broil adopts each and every preceding paragraph as if set forth fully herein.

52. Upon information and belief, Defendant John Doe owed a legal duty to Char-Broil, by contract or otherwise, to maintain in confidence all confidential and propriety information and data about Char-Broil in his/her possession, custody or control.

53. Defendant John Doe's publication of confidential and proprietary information and data about Char-Broil was made with the specific intent of harming Char-Broil's relationship with its vendor and partner Midea.

54. As a direct and proximate result of Defendant John Doe's actions, Char-Broil has been damaged in an amount to be determined at trial.

55. As a direct and proximate result of Defendant John Doe's breach of confidentiality, Char-Broil is entitled to injunctive relief to stop Defendant John Doe's violations of Char-Broil's rights.

## COUNT FIVE
## ATTORNEYS' FEES AND EXPENSES

56. Char-Broil adopts each and every preceding paragraph as if set forth fully herein.

57. As set forth herein, Defendant John Doe's actions have been in bad faith, have been stubbornly litigious, and have caused Char-Broil unnecessary trouble and expense.

58. Char-Broil is entitled to recover its reasonable attorneys' fees and expenses in accordance with O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Char-Broil, LLC requests that judgment be entered in its favor and against Defendant John Doe as follows:

1. That Defendant and all others acting under his/her direction or control be enjoined and restrained from infringing Plaintiff's trademarks and from using any marks confusingly similar thereto and from disclosing any confidential and propriety information and data about Char-Broil to any third parties;

2. That Defendant be directed to terminate any e-mail account utilizing the term "Charbroil";

3. That Plaintiff Char-Broil, LLC be awarded all actual and punitive damages allowed by law and equity;

4. That Char-Broil, LLC recover reasonable attorney's fees and expenses as authorized by O.C.G.A. § 13-6-11; and

5. That the Court award all costs of this action and order such other and further relief as may be just and proper.

Respectfully submitted, this 12th day of January, 2023.

                PAGE, SCRANTOM, SPROUSE,
                TUCKER & FORD, P.C.

        By:   /s/ James C. Clark, Jr.
                  James C. Clark, Jr.
                  Ga Bar No. 127145
                  jclark@pagescrantom.com
                  Alan G. Snipes
                  Ga. Bar No. 665781
                  asnipes@pagescrantom.com

1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
(706) 324-0251

                *Counsel for Plaintiff*

# **VERIFICATION**

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Personally appeared before the undersigned officer duly authorized to administer oaths, Jeffrey J. Wells, who hereby affirms that the information contained in the foregoing Verified Complaint are true and correct to the best of her information and belief.

This 12th day of January, 2024.

JEFFREY J. WELLS
Vice President, Global Supply Chain
Char-Broil, LLC

Sworn and subscribed before me
this 12 day of January, 2024.

NOTARY PUBLIC
My Commission Expires 03/25/2027

发件人: charbroil_team <charbroilteam@gmail.com>
发送时间: 2024年1月3日 16:22
收件人: ▓▓▓@midea.com; ▓▓▓@midea.com; ▓▓▓@midea.com; ▓▓▓@midea.com
主题: [External] Charbroil Challenges in 2024

**English:** This Email is from an EXTERNAL source. Ensure you trust this sender before clicking on any links or attachments.

**Chinese:** 这份邮件来自外部，在点击任何链接或附件之前，请确保您信任此发件人。

Dear Midea Team,
Wishing everyone a prosperous and joyous 2024. As Midea enters 2024 with their BBQ grill retail partner Charbroil, it will bring many challenges to the partnership. In Oct of 2023 Charbroil eliminated ▓▓ of their office staff in the European operations, at the same time their USA office staff were notified of ▓▓▓ staff reductions to begin in the end of November/December which has eliminated ▓▓ of the USA staff including members of the Sr. Leadership team. It is possible there will be further staff reductions ▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

In 2022 Charbroil had losses of over ▓▓▓ USD and in 2023 had ▓▓▓ losses of over ▓▓▓ and has projected losses of ▓▓▓ in 2024 with most of the 2024 sales already known with the large volume retailers. 2023 sales were at approximately ▓▓▓ of the forecast budget and if not for the financial backing of WC Bradley, it is possible Charbroil would have been in serious financial trouble as a result of sales less than ▓▓▓ of the planned budget also while holding ▓▓▓▓▓ inventory of products they are unable to sell. ▓▓▓▓▓▓▓▓▓▓.
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Anyone from Charbroil can verify the above comments are accurate.
Welcome to 2024.

3

**EXHIBIT**
1